FILED
United States Court of Appeals
Tenth Circuit

August 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

—————————————————

PATRIOT MANUFACTURING, LLC,

     Plaintiff - Appellant,

v.

HARTWIG, INC.,

     Defendant - Appellee.

No. 14-3232
(D.C. No. 6:10-CV-01206-EFM)
(D. Kan.)

—————————————————

**ORDER AND JUDGMENT**[*]
—————————————————

Before **KELLY**, **BALDOCK**, and **GORSUCH**, Circuit Judges.
—————————————————

     Some years ago Patriot Manufacturing bought a machine shop lathe from Hartwig with hope of producing goods for the aircraft industry. But the deal soon turned sour and Hartwig repossessed the lathe, claiming that Patriot had defaulted on its payment obligations under the parties' sales contract. Sure that Hartwig had breached the same agreement and that it had committed more than a few torts along the way, Mark Spencer — Patriot's owner and sole member — filed this federal lawsuit.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

As Hartwig soon discovered, though, the positions Mr. Spencer advanced in his federal district court complaint were arguably inconsistent with the representations he made before a federal bankruptcy court just a few days earlier. Right before filing this lawsuit, Mr. Spencer sought Chapter 7 bankruptcy protection — a move that eventually won him a discharge of substantial debts. But in his initial bankruptcy filings, Mr. Spencer expressly denied being an officer, director, or partner of any company. In fact, he denied having *any* interest in *any* business at all.

Seeking to hold Mr. Spencer accountable for his earlier statements disclaiming any business interests, Hartwig moved for summary judgment in this case on the theory that Patriot and its sole proprietor should be estopped from vindicating contract and tort claims that, Hartwig argued, existed before Mr. Spencer's bankruptcy and should have been — along with his ownership of the company — disclosed to the bankruptcy court. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (explaining that judicial estoppel "'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase'") (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). The district court agreed and entered judgment for Hartwig.

Patriot now asks us to reverse the district court, contending that the bankruptcy court was never really deceived by Mr. Spencer's arguably incomplete filings. *See Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (explaining that we generally "inquire whether the suspect party succeeded in persuading a court to accept that party's former position" before applying judicial estoppel). And

2

arguing that Mr. Spencer won't gain any sort of "unfair advantage" if Patriot is allowed to proceed with this lawsuit. *See id.* (noting that we usually "inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped").

But whatever the merits of these arguments Patriot failed to make them when responding to Hartwig's motion for summary judgment in district court and has, accordingly, forfeited the chance to win reversal using them in this court. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Instead of arguing to the district court that estoppel was unwarranted under our case law or suggesting that estoppel would confer no unfair advantage, Patriot made entirely different (and mostly inapplicable) arguments under Kansas state law — arguments the company has since abandoned in this appeal. Neither, for that matter, has Patriot attempted in either of its briefs on appeal to show that the district court committed plain error in failing to recognize and develop for the company the arguments it now wishes to develop for itself in this court for the first time. And faced as we are only with arguments that weren't raised below, and lacking any accompanying explanation how the district court's alleged error might have been so severe as to nonetheless require correction as plain error, we decline to disturb its judgment. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge